IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

TRINITY TRUSTY                                                                 PLAINTIFF

v.                                              CIVIL ACTION NO. 1:24-CV-79-SA-RP

NAVISTAR DEFENSE                                        DEFENDANT

ORDER AND MEMORANDUM OPINION

On April 26, 2024, Trinity Trusty, who is proceeding *pro se*, initiated this lawsuit by filing his Complaint [1] against Navistar Defense. Now before the Court is Navistar's Motion for Summary Judgment [23]. The Court is prepared to rule.

*Relevant Background*

Trusty, a White man, is a former employee of Navistar. He was initially hired by the company on June 9, 2023, and worked as an assembly supervisor at the company's West Point, Mississippi facility.

On July 26, 2023, Navistar's HR Department received a report from two employees that Trusty had made a comment of a sexual nature toward them. Trusty contends that his comment was taken out of context. He alleges that when a Black female co-employee asked him what he planned to do over the weekend, he responded that he "got a new comforter set I'm going to break it in." [1] at p. 5. In his Complaint [1], Trusty represents that he did not mean anything sexual when making the comment.

After learning of the comment, Navistar initiated an investigation. Through that investigation, Brian Tennant, Navistar's HR Director, learned of multiple performance-related issues concerning Trusty. In a sworn declaration, Tennant stated that the investigation revealed the following issues:

> These performance-related issues included Mr. Trusty disappearing from his workstation for extended periods of time, only to be found in the bathroom using his cell phone, leaving his workstation to wander around outside of the production facility, and frequently socializing with employees on other production lines instead of working. . . I also learned that Mr. Trusty had issues with following directions and guidance from his senior supervisors. Mr. Trusty would often ignore such supervisors and choose not to follow their directions.

[23], Ex. 3 at p. 2.

Tennant's declaration goes on to state that after learning of these performance issues, he ceased the investigation into Trusty's allegedly inappropriate comment and instead decided to terminate him for poor performance. Trusty was terminated on August 8, 2023.

Trusty's Complaint [1] alleges that the performance issues were not the real reason for his termination but, instead, that he was discriminated against on the basis of his race. He avers that multiple Black male employees were not disciplined even though they openly discussed going to the strip club in front of female employees.

In his *pro se* Complaint [1], Trusty asserts that he was discriminated against based on his race.[1] As noted previously, Navistar has moved for summary judgment. It filed that request on December 19, 2024. See [23]. For months, Trusty did not respond to Navistar's Motion [23] until eventually filing a Response [31] on May 6, 2025. Despite Trusty's failure to comply with the applicable deadline to respond, the Court, considering Trusty's *pro se* status, will consider the substance of his Response [31].

---

[1] For reasons addressed fully hereinafter, the Court notes that on April 12, 2024—two weeks before he initiated this litigation—Trusty filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Mississippi.

2

*Summary Judgment Standard*

Summary judgment is warranted when the evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Nabors v. Malone*, 2019 WL 2617240, at *1 (N.D. Miss. June 26, 2019) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

"The moving party 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact.'" *Id*. (quoting *Celotex*, 477 U.S. at 323, 106 S. Ct. 2548). "The nonmoving party must then 'go beyond the pleadings' and 'designate specific facts showing that there is a genuine issue for trial.'" *Id*. (quoting *Celotex*, 477 U.S. at 324, 106 S. Ct. 2548). Importantly, "the inferences to be drawn from the underlying facts contained in the affidavits, depositions, and exhibits of record must be viewed in the light most favorable to the party opposing the motion." *Waste Mgmt. of La., LLC v. River Birch, Inc.*, 920 F.3d 958, 964 (5th Cir. 2019) (quoting *Reingold v. Swiftships, Inc.*, 126 F.3d 645, 646 (5th Cir. 1997)). However, "[c]onclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial." *Nabors*, 2019 WL 2617240 at *1 (citing *TIG Ins. Co. v. Sedgewick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002)) (additional citations omitted).

*Analysis and Discussion*

Navistar makes two arguments in favor of summary judgment. First, it contends that Trusty's claim is barred by judicial estoppel because he did not disclose his claim against Navistar in his bankruptcy proceedings that were ongoing at the time he filed the instant lawsuit. Second, Navistar argues that Trusty's claim fails on the merits.

The Court first turns to judicial estoppel. "The doctrine of judicial estoppel is equitable in nature and can be invoked by a court to prevent a party from asserting a position in a legal proceeding that is inconsistent with a position taken in a previous proceeding." *Love v. Tyson Foods, Inc.*, 677 F.3d 258, 261 (5th Cir. 2012) (citing *Reed v. City of Arlington*, 650 F.3d 571, 573-74 (5th Cir. 2011) (en banc)). "Courts in the Fifth Circuit generally consider three criteria when evaluating a defense of judicial estoppel, including whether: (1) the party against whom judicial estoppel is sought has asserted a legal position that is 'plainly inconsistent' with a position asserted in a prior case; (2) the court in the prior case accepted that party's original position, thus creating the perception that one or both courts were misled; and, (3) the party to be estopped has not acted inadvertently." *In re Oparaji*, 698 F.3d 231, 235 (5th Cir. 2012) (quoting *Love*, 677 F.3d at 261). "[The Fifth Circuit] has noted that '[j]udicial estoppel is particularly appropriate where a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset.'" *Love*, 677 F.3d at 261-62 (citing *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 600 (5th Cir. 2005)) (ellipses omitted).

The Fifth Circuit has affirmed a district court's grant of summary judgment on judicial estoppel grounds in a case involving similar facts. *Jethroe*, 412 F.3d 598. There, the plaintiff, Sharon Jethroe, alleged that she was terminated from her employment in violation of Title VII. *Id*.

4

at 599. The Fifth Circuit set forth the relevant facts pertaining to her termination and bankruptcy proceedings as follows:

> Jethroe filed a grievance with her union and then on March 21, 2000, filed with the Equal Employment Opportunity Commission ("EEOC"), from which she obtained a right-to-sue letter in July 2002. While pursuing her title VII claim, Jethroe filed a chapter 13 bankruptcy petition in November 2000. On one of the forms, under penalty of perjury, she marked "X" in a column indicating that she had no "other contingent and unliquidated claims of [any] nature." On another form, again under penalty of perjury, she indicated that she had no pending "suits and administrative proceedings." In the chapter 13 proceedings, Jethroe did not inform the bankruptcy court of her EEOC claim or the title VII suit.

*Id*.

When Jethroe filed her discrimination lawsuit, the district court dismissed it based on judicial estoppel. *Id*. On appeal, the Fifth Circuit affirmed, holding that "[a] plaintiff is judicially estopped from pursuing an EEOC charge filed while his bankruptcy petition was pending and where he did not fulfill his duty to amend the petition to include that claim." *Id.* at 600 (citing *Kamont v. West*, 83 F. App'x 1, 3 (5th Cir. 2003)).

Here, the same logic is applicable. The bankruptcy filings, which Navistar attached as an exhibit to its Motion [23], indicate that Trusty filed his voluntary bankruptcy petition on April 12, 2024. *See* [23], Ex. 2. When listing his assets, Trusty selected "No" in the category for "[c]laims against third parties, whether or not you have filed a lawsuit or made a demand for payment." *Id*. at p. 21. The category even provided the following examples for such claims that should be disclosed: "accidents, employment disputes, insurance claims, or rights to sue." *Id*.

At the time Trusty selected "No" to this question, he had already received his right to sue letter from the EEOC. He filed the instant lawsuit two weeks later on April 26, 2024. He never

5

supplemented his bankruptcy filings to reference his discrimination claim against Navistar. The bankruptcy court filed an order of discharge in his case on August 21, 2024.

In his Response Memorandum [32], he states that his failure to disclose the asset to the bankruptcy court was "an oversight" and he "has no problem raising his right hand to attest to this." [32] at p. 3. He states that he disclosed the pending bankruptcy litigation to Navistar in his written discovery responses dated July 27, 2024, and that this illustrates he had no nefarious intent.

The facts of this case fall squarely within the parameters of the judicial estoppel doctrine. Trusty failed to disclose the claim in his bankruptcy filings. This satisfies the first judicial estoppel element. As to the second element, the bankruptcy court relied on his representations—it filed an order of discharge in his case on August 21, 2024. The third element concerns whether the disclosure was inadvertent. This is the element Trusty attempts to attack. However, the Fifth Circuit addressed this issue in *Jethroe*, concluding that "to claim that her failure to disclose was inadvertent Jethroe must not show that she was unaware that she had a duty to disclose her claims but that, at the time she filed her bankruptcy petition, she was unaware of the facts giving rise to them." *Jethroe*, 412 F.3d at 601 (citing *In re Coastal Plains, Inc.*, 179 F.3d 197, 21-12 (5th Cir. 1999)). At the time he made his false representation to the bankruptcy court, Trusty was undoubtedly aware of the facts giving rise to his present claim, as he had already engaged in the administrative remedy process and received a right to sue letter.

The elements of judicial estoppel are satisfied, and Trusty is now precluded from pursuing the claim in this Court. Summary judgment in Navistar's favor is appropriate.

Even if Trusty was not judicially estopped from pursuing his claim, it fails on the merits. The familiar *McDonnell Douglas* framework is applicable to Trusty's Title VII claim. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007) ("Where . . . there is no evidence

6

of direct discrimination, Title VII discrimination claims based on circumstantial evidence are analyzed under the framework established in *McDonnell Douglas*.").

Under that framework, the plaintiff bears the initial burden to establish a *prima facie* case by showing:

> (1) that [he] is a member of a protected class; (2) that [he] was qualified for the position sought; (3) [he] was subject to an adverse employment action; and (4) [he] was replaced by someone outside [his] protected class or was treated less favorably than other similarly situated employees outside [his] class.

*Haire v. Bd. of Supervisors of La. State Univ. Agric. and Mech. Coll.*, 719 F.3d 356, 363 (5th Cir. 2013); *see also Wittmer v. Phillips 66 Co.*, 915 F.3d 328, 332 (5th Cir. 2019).

If the plaintiff carries his *prima facie* burden, "the burden shifts to the employer to show it had a legitimate, nondiscriminatory reason for [the employment action]." *Wittmer*, 915 F.3d at 332 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)). "If the employer can show a legitimate, non-discriminatory reason for not hiring the plaintiff, the presumption of discrimination disappears, and the burden shifts back to the plaintiff to show either that the proffered reason was a pretext for discrimination, or that the plaintiff's protected status was another motivating factor for the decision." *Id*. (citing *Alvarado v. Tex. Rangers*, 492 F.3d 605, 611 (5th Cir. 2007)).

Here, Navistar contends that Trusty cannot satisfy the fourth *prima facie* element. It first points out that Trusty's position was never filled. In other words, Trusty was never replaced. To support this position, Navistar points to Tennant's sworn declaration wherein he states that "[f]ollowing Mr. Trusty's termination, his position was not filled by another employee and his position remained unfilled until it was eliminated in March of 2024, when the entire division in

7

which Mr. Trusty worked was laid off." [23], Ex. 3 at p. 3. Trusty has submitted nothing in the form of argument or evidence to rebut Navistar's evidence on that issue.

Trusty can alternatively satisfy the fourth element by establishing that he "was treated less favorably than other similarly situated employees outside [his] class." *Haire*, 719 F.3d at 363. In his Response Memorandum [32], Trusty argues:

> During the same conversation in which Plaintiff was accused of inappropriate conduct for making a non-sexual, innocuous comment, four similarly situated employees made explicitly sexual remarks about strip clubs and made sexually suggestive comments to female employees. These individuals were not suspended, disciplined, or terminated. The disparate treatment of these similarly situated individuals outside Plaintiff's protected class—for objectively more egregious conduct—raises a clear inference of discriminatory intent.

[32] at p. 5.

Thus, he contends that he was treated less favorably than four Black employees who allegedly made sexually explicit comments at work. Trusty never identifies these employees by name nor does he articulate what their job duties were. In fact, in his deposition, he conceded that these particular employees "reported up to [him] on the floor process[.]" [23], Ex. 1 at p. 5.

The Fifth Circuit has identified multiple factors to be considered in determining whether employees are similarly situated:

> Employees with different supervisors, who work for different divisions of a company or who were the subject of adverse employment actions too remote in time from that taken against the plaintiff generally will not be deemed similarly situated. Likewise, employees who have different work responsibilities or who are subjected to adverse employment action[s] for dissimilar violations are not similarly situated.

*Morris v. Town of Independence*, 827 F.3d 396, 401 (5th Cir. 2016) (citation omitted).

The court also noted that the purpose of the similarly situated analysis is to "ensure that the challenged action was taken under nearly identical circumstances. Such circumstances exist when the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories." *Id*. (internal quotation marks and citations omitted).

Trusty's attempt to utilize four unidentified employees as comparators is unavailing. He provides nothing in the form of competent summary judgment evidence to establish that he and those employees had the same job or responsibilities or had comparable violation histories. He provided nothing whatsoever as to their employment history. And Trusty, in his deposition, went so far as to admit that these particular employees "reported up to [him] on the floor process[.]" [23], Ex. 1 at p. 5. This falls far below the similarly situated standard recognized by the Fifth Circuit. Trusty has not come forward with sufficient summary judgment evidence to support his *prima facie* case.

Even assuming Trusty had carried his *prima facie* burden, Navistar has articulated a legitimate, non-discriminatory reason for its employment decision—namely, poor work performance.

Trusty has not come forward with sufficient evidence to establish pretext. *See Wittmer*, 915 F.3d at 332 ("If the employer can show a legitimate, non-discriminatory reason for not hiring the plaintiff, the presumption of discrimination disappears, and the burden shifts back to the plaintiff to show either that the proffered reason was a pretext for discrimination, or that the plaintiff's protected status was another motivating factor for the decision."). He attached to his Response [31] a certificate of appreciation that he received from his former employer (Anel Corporation) in 2020 which recognized eight years of service to the company. *See* [31], Ex. 6. Trusty also attached a

9

letter and an affidavit from two previous co-workers describing their working relationship with him at Anel Corporation. *See* [31], Ex. 7, 8. These documents are wholly irrelevant to the issues at hand in this case, and the Court sees no need to address them.

In addition, Trusty argues that Navistar has been inconsistent in its position as to the reason for his termination which he argues is evidence of pretext. Trusty contends that Navistar now submits that he was terminated for poor performance but that when Tennant called him to advise him of the termination, Tennant told him that the termination was for sexual harassment. In a declaration, Trusty states that he was "told that [his] termination was based on an allegation of sexual harassment." [31] at p. 1. However, this is inconsistent with his deposition testimony wherein he never testified that Navistar advised him his termination was for sexual harassment but instead that he only assumed as much:

> A. . . . [Tennant] said, "With what's going on in the world today, I don't have no choice but to let you go.
>
> . . .
>
> Q. And did you assume that what [Tennant] meant by that was, you were being let go because of the allegations of these two ladies?
>
> A. The way I took it, he was scared not to fire me because of the reaction he would get from the two black ladies if they didn't fire me because I'm white.
>
> Q. He didn't say that --
>
> A. He didn't say that. That's just what I -- yeah.

[37], Ex. 1 at p. 2.

Thus, Trusty himself has not been consistent on this point and has attempted to bolster his claim via a post-deposition affidavit. The Court declines his invitation to find pretext under the circumstances.

Ultimately, Trusty has not come forward with sufficient evidence to preclude summary judgment. *Cox v. Desoto Cnty. Jail of Hernando*, 2015 WL 541264, at *1 (N.D. Miss. Feb. 10, 2015) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)) ("In the absence of proof, the court does not 'assume that the nonmoving party could or would prove the necessary facts.'"). This case is due to be dismissed.

*Conclusion*

For the reasons set forth herein, Navistar's Motion for Summary Judgment [23] is hereby GRANTED. Trusty's claim is dismissed *with prejudice*. A Final Judgment consistent with this Order and Memorandum Opinion will be entered this day. This CASE is CLOSED.[2]

SO ORDERED, this the 25th day of August, 2025.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Navistar's Motion to Strike [38] is DENIED AS MOOT.

11